NORTH CAROLINA               IN THE GENERAL COURT OF JUSTICE
DAVIDSON COUNTY            SUPERIOR COURT DIVISION
                                                  15 CvS _____

FILED 2015 MAR -6 P 12:29 DAVIDSON CO., C.S.C BY \_\_\_

MATTHEW GILDNER,      )
                                )
     Plaintiff,               )
                                )
vs.                              )
                                )
WAL-MART STORES, EAST, L.P., )
                                )
     Defendant.          )

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, through undersigned counsel, and submits this Complaint and Demand for Jury Trial:

## PARTIES & JURISDICTION

1. Plaintiff Matthew Gildner (hereinafter "Plaintiff"), is a citizen and resident of Lexington, Davidson County, North Carolina.

2. Defendant Wal-Mart Stores, East, L.P. (hereinafter "Defendant"), is a corporation registered to do business in North Carolina and doing business in Lexington, Davidson County, North Carolina.

3. Plaintiff timely filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission alleging violations of the Americans with Disabilities Act of 1991 ("ADA"), as amended.

4. The EEOC dismissed Plaintiff's charge and issued her a right to sue letter, which letter was received on or around December 6, 2014.

5. At all times relevant to this Complaint, Defendant employed more than fifteen (15) employees and is an "Employer" within the meaning of the ADA.

6. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

7. Prior to being employed by the Defendant, Plaintiff was hit by a vehicle in or around 1994 and suffered serious injuries to his ankle.

8. Due to Plaintiff's injuries, he has difficulty lifting items of more than twenty (20) pounds or doing repetitive lifting.

9. Plaintiff applied for a position of Cashier with the Defendant's store number 1322 in Lexington, North Carolina, on or around August 15, 2013.

10. At the time of Plaintiff's application for employment, Plaintiff informed the Defendant of his disabling condition and the necessity of him not lifting heavier items or doing repetitive lifting.

11. When Plaintiff accepted his position with the Defendant, he understood that he would be working as a Cashier.

12. Plaintiff is informed and believes that, as a Cashier, he was supposed to complete approximately fifteen (15) Computer Based Learning ("CBLs") courses for his position as Cashier.

13. Plaintiff was only allowed to complete three (3) of the fifteen (15) CBLs that Cashiers normally are required to complete.

14. Almost immediately upon beginning his employment with Defendant, Plaintiff was given job duties of a Stocker, which primarily consisted of lifting.

2

15. Plaintiff attempted to complete the job duties of a Stocker, which he was assigned, but experienced severe pain and discomfort and had his hip pop out of joint.

16. Plaintiff spoke to his manager about accommodating him because he had difficulties performing the job duties of a Stocker.

17. The Defendant did not accommodate Plaintiff in his job duties.

18. Plaintiff is informed and knows that at least one (1) other individual also hired at the same time as Plaintiff as a Cashier was working almost exclusively behind a cash register.

19. On or about September 23, 2013, Plaintiff's employment with Defendant was terminated allegedly because of low productivity.

## FIRST CAUSE OF ACTION
### (Disability Discrimination)

20. Plaintiff realleges paragraphs 1 through 19 of the Complaint as if restated word for word herein.

21. Plaintiff suffered from a permanent disabling condition in his ankles due to an accident.

22. Plaintiff's disabling condition substantially limited Plaintiff in the major life activities of walking and repetitive lifting.

23. Plaintiff informed the Defendant, through his supervisor of Plaintiff's disabling condition.

24. Plaintiff was hired by the Defendant as a Cashier, which job duties consisted primarily of serving customers at a cash register.

25. Plaintiff was taken off his role of Cashier and made to perform the job duties of Stocker, which job duties consisted of repetitive lifting.

3

26. Plaintiff attempted to complete his job duties and spoke to his manager about accommodating Plaintiff because of his disabling condition.

27. Despite Plaintiff's request for an accommodation, such accommodation was denied.

28. Plaintiff's employment with the Defendant was terminated on or about September 23, 2013, allegedly due to low productivity.

29. Plaintiff is informed and believes that he was terminated following a failure to accommodate his disabling condition and because of his disability.

30. As a direct and proximate cause of the actions of the Defendant, Plaintiff has suffered damages in excess of Ten Thousand Dollars ($10,000.00), which exact amount to be proven at trial.

31. Defendant's actions were willful, wanton and malicious and in reckless disregard for the rights of the Plaintiff and the Defendant should be called upon to respond in punitive damages.

## SECOND CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

32. Plaintiff realleges paragraphs 1 through 31 of the Complaint as if restated word for word herein.

33. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, the Equal Employment Practices Act and the Persons with Disabilities Protection Act.

34. The North Carolina General Statutes state that "the practice of discrimination based upon a disabling condition is contrary to the public interest and to the principles of freedom and equality of opportunity."

4

35. Furthermore, it is the "public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees."

36. Upon information and belief, Plaintiff's employment with the Defendant was terminated because of his disability.

37. Because of this, the termination of Plaintiff's employment was in violation of North Carolina public policy.

38. As a direct and proximate cause of the actions of the Defendant, Plaintiff has suffered damages in excess of Ten Thousand Dollars ($10,000.00), which exact amount to be proven at trial.

39. Defendant's actions were willful, wanton and malicious and in reckless disregard for the rights of the Plaintiff and the Defendant should be called upon to respond in punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays to the Court as follows:

1. That the Plaintiff have and recover of the Defendant compensatory, liquidated and other damages to compensate fully the Plaintiff for his financial and other loss, which damages are in excess of $10,000.00, together with such interest thereon as may be allowed by law;

2. That the Court award reasonable attorney's fees incurred by the Plaintiff herein;

3. That the Plaintiff recover his costs;

4. That all issues raised by the pleadings be tried by a jury; and

5

5. For such other and further relief as to the Court may seem just and proper.

This the 5th day of March, 2015.

                                                Daniel C. Nash
Attorney for Plaintiff
North Carolina State Bar No. 41816
Morgan, Herring, Morgan,
Green & Rosenblutt, L.L.P.
P.O. Box 2756
High Point, N.C. 27261
(336) 883-6177

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised by the pleadings in this action.

                                                Daniel C. Nash
Attorney for Plaintiff